## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **MICROSOFT CORPORATION, a** **Washington corporation,** | § § § | |
| **Plaintiff** | § § | |
| **vs.** | § § | **Case No.** CIV-14-1054-M |
| **IT ASSETS, INC., an Oklahoma** **corporation; and MICHAEL SMITH,** **an individual,** | § § § § | |
| **Defendants.** | § § § | |

### Complaint

1.     Microsoft Corporation ("Microsoft") brings this action against Defendants IT Assets, LLC, an Oklahoma corporation ("IT Assets"), and Michael Smith, an individual (collectively "Defendants") alleging that they engaged in copyright and trademark infringement; false designation of origin, false description and representation; unfair competition; and deceptive trade practices.  Microsoft seeks damages, an accounting, the imposition of a constructive trust upon Defendants' illegal profits, and injunctive relief.

### The Parties

2.     Microsoft is a Washington corporation with its principal place of business located in Redmond, Washington.  Microsoft develops, markets, distributes and licenses computer software.

3.     Defendant IT Assets does business on Internet websites and in locations including but not limited to Oklahoma City, Oklahoma.  IT Assets is engaged in the business of advertising, marketing, installing, offering, and distributing computer hardware and software, including purported Microsoft software.

4.      Upon information and belief, defendant Michael Smith, an individual, is an owner, operator, officer, shareholder, and/or otherwise controls IT Assets.  Upon information and belief, Michael Smith transacts substantial business in this district.  Upon information and belief, Michael Smith (a) personally participated in and/or (b) had the right and ability to supervise, direct and control the wrongful conduct alleged in this Complaint, and (c) derived direct financial benefit from that wrongful conduct.

Jurisdiction

5.      This Court has subject matter jurisdiction over Microsoft's claims for trademark infringement, copyright infringement and related claims pursuant to 15 U.S.C. § 1121, 17 U.S.C. § 501, 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has supplemental jurisdiction over Microsoft's claims arising under the laws of Oklahoma pursuant to 28 U.S.C. § 1367(a) because these claims are so related to Microsoft's claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

Venue

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and § 1400(a) because (a) Defendants reside in the Western District of Oklahoma, and/or (b) a substantial part of the events giving rise to Microsoft's claims occurred in the Western District of Oklahoma.

Facts Common To All Claims

8.      Microsoft develops, advertises, markets, distributes, and licenses a number of computer software programs.  Microsoft's software programs are recorded on discs, and they are packaged and distributed together with associated proprietary materials such as user's guides, user's manuals, end user license agreements, and other components.

9.      Microsoft Windows 7:  Microsoft has developed, advertises, markets, distributes, and licenses a software package known as Microsoft Windows 7 ("Windows 7").  Windows 7 is an operating system for desktop and laptop systems.  Microsoft holds

a valid copyright in Windows 7 (including user's reference manuals, user's guides, and screen displays) that was duly and properly registered with the United States Copyright Office.  A true and correct copy of the Registration Certificate for Microsoft Windows 7, bearing the number TX 7-009-361, is attached hereto as Exhibit 1 and is incorporated by reference.

10.     Microsoft has also duly and properly registered a number of trademarks and a service mark in the United States Patent and Trademark Office on the Principal Register, including, but not limited to:

A.     "MICROSOFT," Trademark and Service Mark Registration No. 1,200,236, for computer programs and computer programming services;

B.     "MICROSOFT," Trademark Registration No. 1,256,083, for computer hardware and software manuals, newsletters, and computer documentation;

C.     WINDOWS, Trademark Registration No. 1,872,264 for computer programs and manuals sold as a unit; and

D.     COLORED FLAG DESIGN, Trademark Registration No. 2,744,843, for computer software;

True and correct copies of the Trademark Registrations for A through D above are attached hereto as Exhibits 2 through 5, respectively, and are incorporated by reference.

<u>Defendants' Infringement</u>

11.     Defendants advertised, marketed, installed, offered and distributed unauthorized copies of Microsoft software after Microsoft warned them of the consequences, infringing Microsoft's copyrights, trademarks and/or service mark.

12.     On information and belief, Defendants advertised that the computers that they sold came installed with Microsoft software, and in their advertisements, Defendants misappropriated and/or infringed Microsoft's copyrights, advertising ideas, style of doing business, slogans, trademarks and/or service mark.

13.     Computers sold by Defendants actually have infringing copies of Microsoft software installed.

14.     In or about May 2014, Defendants distributed a computer with an unauthorized copy of Windows 7 installed to an investigator.

15.     By letter dated May 23, 2014, Microsoft asked Defendants to cease and desist from making and distributing unauthorized copies of Microsoft software on computers.

16.     Nevertheless, in or about June 2014, Defendants distributed more computers with unauthorized copies of Windows 7 installed to an investigator.

17.     On information and belief, these are not isolated incidents.  Rather, Defendants have been and continue to be involved in advertising, marketing, installing, offering, and/or distributing counterfeit and infringing copies of Microsoft's software and/or related components to unidentified persons or entities.

18.     On information and belief, Defendants have committed and are continuing to commit acts of copyright and trademark infringement against Microsoft.  On information and belief, at a minimum, Defendants were willfully blind and acted in reckless disregard of Microsoft's registered copyrights, trademarks and service marks.

19.     On information and belief, Microsoft has been harmed by Defendants' activities, including their advertising activities and unauthorized use of Microsoft's copyright protected material, and the unauthorized use of Microsoft's marks to describe the items that Defendants are distributing.

<u>First Claim</u>

[Copyright Infringement – 17 U.S.C. § 501, et seq.]

Against Defendants

20.     Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 19 inclusive.

21.     Microsoft is the sole owner of Microsoft Windows 7 and of the corresponding copyright and Certificate of Registration.

22.     Defendants have infringed the copyrights in Microsoft's software, including but not limited Microsoft Windows 7, by advertising, marketing, installing, offering, and/or distributing infringing materials in the United States of America without approval or authorization from Microsoft.

23.     At a minimum, Defendants acted with willful blindness to and in reckless disregard of Microsoft's registered copyrights.

24.     As a result of their wrongful conduct, Defendants are liable to Microsoft for copyright infringement.  17 U.S.C. § 501.  Microsoft has suffered damages.  Microsoft is entitled to recover damages, which include any and all profits Defendants have made as a result of their wrongful conduct.  17 U.S.C. § 504.  Alternatively, Microsoft is entitled to statutory damages under 17 U.S.C. § 504(c).

25.     In addition, for the reasons set forth above, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

26.     Microsoft is also entitled to injunctive relief pursuant to 17 U.S.C. § 502 and to an order impounding any and all infringing materials pursuant to 17 U.S.C. § 503. Microsoft has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Microsoft's copyrights are unique and valuable property which have no readily determinable market value, (b) Defendants' infringement harms Microsoft such that Microsoft could not be made whole by any monetary award, and (c) Defendants' wrongful conduct, and the resulting damage to Microsoft, is continuing.

27.     Microsoft is also entitled to recover its attorneys' fees and costs of suit.  17 U.S.C. § 505.

Second Claim

[Trademark Infringement – 15 U.S.C. § 1114]

Against Defendants

28.     Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 27, inclusive.

29.     Defendants' activities constitute infringement of Microsoft's federally registered trademarks and service mark in violation of the Lanham Trademark Act, including but not limited to 15 U.S.C. § 1114(1).

30.     Because Microsoft advertises, markets, distributes, and licenses its software under the trademarks and service mark described in this Complaint, these trademarks and service mark are the means by which Microsoft's software is distinguished from the software and related items of others in the same or related fields.

31.     Because of Microsoft's long, continuous, and exclusive use of these trademarks and service mark, they have come to mean, and are understood by customers, end users, and the public to signify, software programs or services of Microsoft.

32.     The infringing materials that Defendants have and are continuing to advertise, market, install, offer, and distribute are likely to cause confusion, mistake, or deception as to their source, origin, or authenticity.

33.     Further, Defendants' activities are likely to lead the public to conclude, incorrectly, that the infringing materials that Defendants are advertising, marketing, installing, offering, and/or distributing originate with or are authorized by Microsoft, to the damage and harm of Microsoft, its licensees, and the public.

34.     Upon information and belief, Defendants advertised, marketed, installed, offered or distributed infringing material with the purposes of misleading or confusing customers and the public as to the origin and authenticity of the infringing materials and of trading upon Microsoft's business reputation.

35.     At a minimum, Defendants acted with willful blindness to and in reckless disregard of Microsoft's registered marks.

36.     As a result of their wrongful conduct, Defendants are liable to Microsoft for trademark infringement.  15 U.S.C. § 1114(1).  Microsoft has suffered damages. Microsoft is entitled to recover damages, which include any and all profits Defendants have made as a result of their wrongful conduct.  15 U.S.C. § 1117(a).

37.     In addition, because of Defendants' infringement of Microsoft's trademarks and service mark as described above, the award of actual damages and profits should be trebled pursuant to 15 U.S.C. §1117(b).  Alternatively, Microsoft is entitled to statutory damages under 15 U.S.C. § 1117(c).

38.     Microsoft is also entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) and to an order compelling the impounding of all infringing materials advertised, marketed, installed, offered or distributed by Defendants pursuant to 15 U.S.C. § 1116, subsections (a) and (d)(1)(A).  Microsoft has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Microsoft's trademarks and service mark are unique and valuable property which have no readily determinable market value, (b) Defendants' infringement constitutes harm to Microsoft's such that Microsoft could not be made whole by any monetary award, (c) if Defendants' wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin or authenticity of the infringing materials, and (d) Defendants' wrongful conduct, and the resulting damage to Microsoft, is continuing.

39.     Microsoft is also entitled to recover its attorneys' fees and costs of suit.  15 U.S.C. § 1117.

<u>Third Claim</u>

[False Designation Of Origin, False Description And Representation –

15 U.S.C. § 1125 et seq.]

Against Defendants

40.     Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 39, inclusive.

41.     Because Microsoft advertises, markets, distributes, and licenses its software under the trademarks and service mark described in this Complaint, these trademarks and service mark are the means by which Microsoft's software is distinguished from the software or products of others in the same field or related fields.

42.     Because of Microsoft's long, continuous, and exclusive use of these trademarks and service mark, they have come to mean, and are understood by customers, end users, and the public to signify, software or services of Microsoft.

43.     Microsoft has also designed distinctive and aesthetically pleasing displays, logos, icons, graphic images, and packaging (collectively, "Microsoft visual designs") for its software programs.

44.     Defendants' wrongful conduct includes the use of Microsoft's marks, name, and/or imitation visual designs, specifically displays, logos, icons, graphic designs, and/or packaging virtually indistinguishable from Microsoft visual designs, in connection with their goods and services.

45.     Upon information and belief, Defendants engaged in such wrongful conduct with the purpose of misleading or confusing customers and the public as to the origin and authenticity of the goods and services advertised, marketed, installed, offered or distributed in connection with Microsoft's marks, name, and imitation visual designs, and of trading upon Microsoft's goodwill and business reputation.  Defendants' conduct constitutes (a) false designation of origin, (b) false or misleading description, and (c) false or misleading representation that the imitation visual images originate from or are

authorized by Microsoft, all in violation of § 43(a) of the Lanham Trademark Act, set forth at 15 U.S.C. § 1125(a).

46.     Defendants' wrongful conduct is likely to continue unless restrained and enjoined.

47.     As a result of Defendants' wrongful conduct, Microsoft has suffered and will continue to suffer damages.  Microsoft is entitled to injunctive relief and to an order compelling the impounding of all imitation marks and visual designs being used, advertised, marketed, installed, offered or distributed by Defendants.  Microsoft has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Microsoft's marks, name and visual designs are unique and valuable property which have no readily-determinable market value, (b) Defendants' advertising, marketing, installation, or distribution of imitation visual designs constitutes harm to Microsoft such that Microsoft could not be made whole by any monetary award, and (c) Defendants' wrongful conduct, and the resulting damage to Microsoft, are continuing.

<u>Fourth Claim</u>

[Oklahoma Common Law Unfair Competition]

Against Defendants

48.     Microsoft realleges, and incorporates by this reference, each and every allegation set forth in paragraphs 1 through 47, inclusive.

49.     The acts and conduct of Defendants as alleged above in this complaint constitute unfair competition pursuant to the common law of the State of Oklahoma.

50.     Defendants' acts and conduct as alleged above have damaged and will continue to damage Microsoft and have resulted in an illicit gain of profit to Defendants in an amount that is unknown at the present time.

51.     Microsoft's remedy at law is not by itself adequate, and Microsoft has suffered and continues to suffer irreparable harm such that it is entitled to injunctive relief.

## Fifth Claim

[Violation of the Oklahoma Deceptive Trade Practices Act -

78 Okla. Stat. § 53, et seq.]

Against Defendants

52.     Microsoft realleges, and incorporates by this reference, each and every allegation set forth in paragraphs 1 through 51, inclusive.

53.     The acts and conduct of Defendants as alleged above in this complaint constitute deceptive trade practices under 78 Okla. Stat. § 53, et seq.

54.     Defendants' acts and conduct as alleged above have damaged and will continue to damage Microsoft and have resulted in an illicit gain of profit to Defendants in an amount that is unknown at the present time.

55.     Upon information and belief, Microsoft is entitled to recover attorneys' fees pursuant to 78 Okla. Stat. § 54.

56.     Microsoft's remedy at law is not by itself adequate, and Microsoft has suffered and continues to suffer irreparable harm such that it is entitled to injunctive relief.

## Sixth Claim

[For Imposition Of A Constructive Trust Upon Illegal Profits]

Against Defendants

57.     Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 56, inclusive.

58.     Defendants' conduct constitutes deceptive and wrongful conduct in the nature of passing off the infringing materials as genuine Microsoft software or related components approved or authorized by Microsoft.

59.     By virtue of Defendants' wrongful conduct, Defendants have illegally received money and profits that rightfully belong to Microsoft.

60.     Upon information and belief, Defendants hold the illegally received money and profits in the form of bank accounts, real property, or personal property that can be located and traced.

61.     Defendants hold the money and profits they have illegally received as constructive trustees for the benefit of Microsoft.

<u>Seventh Claim</u>

[Accounting]

Against Defendants

62.     Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 61, inclusive.

63.     Microsoft is entitled, pursuant to 17 U.S.C. § 504 and 15 U.S.C. § 1117, to recover any and all profits of Defendants that are attributable to their acts of infringement.

64.     Microsoft is entitled, pursuant to 17 U.S.C. § 504 and 15 U.S.C. § 1117, to actual damages or statutory damages sustained by virtue of Defendants' acts of infringement.

65.     The amount of money due from Defendants to Microsoft is unknown to Microsoft and cannot be ascertained without a detailed accounting by Defendants of the precise number of units of infringing material advertised, marketed, installed, offered or distributed by Defendants.

**PRAYER FOR RELIEF**

WHEREFORE, Microsoft respectfully requests judgment as follows:

(1)     That the Court enter a judgment against Defendants as indicated below:

(a)     that Defendants have willfully infringed Microsoft's rights in Copyright Certificate Registration No. TX 7-009-361 ("Windows 7"), in violation of 17 U.S.C. § 501;

(b)     that Defendants have willfully infringed Microsoft's rights in the following federally registered trademarks and service mark, in violation of 15 U.S.C. § 1114:

        (1)     1,200,236 ("MICROSOFT");

        (2)     1,256,083 ("MICROSOFT");

        (3)     1,872,264 ("WINDOWS"); and

        (4)     2,744,843 (COLORED FLAG DESIGN);

(c)     that Defendants have committed and are committing acts of false designation of origin, false or misleading description of fact, and false or misleading representation against Microsoft, in violation of 15 U.S.C. § 1125(a);

(d)     that Defendants have engaged in unfair competition in violation of Oklahoma common law and 78 Okla. Stat. § 53, et seq.; and

(e)     that Defendants have otherwise injured the business reputation and business of Microsoft by the acts and conduct set forth in this Complaint.

(2)     That the Court issue injunctive relief against Defendants, and that Defendants, their officers, agents, servants, employees, and attorneys, and all others in active concert or participation with Defendants, be enjoined and restrained from:

(a)     imitating, copying, or making any other infringing use or infringing distribution of the software programs, components, end user license agreements ("EULA"), certificates of authenticity ("COAs") and/or items protected by Copyright Certificate Registration No. TX 7-009-361 ("Windows 7") or the software programs, components and/or items protected by Microsoft's registered trademarks and service mark, including, but not limited to, the following Trademark Registration Nos.:

        (1)     1,200,236 ("MICROSOFT");

        (2)     1,256,083 ("MICROSOFT");

        (3)     1,872,264 ("WINDOWS"); and

        (4)     2,744,843 (COLORED FLAG DESIGN);

and any other items or works now or hereafter protected by any Microsoft trademark or copyright;

(b)     manufacturing, assembling, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting, or displaying any software program, component, EULA, COA and/or item bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of any of Microsoft's registered trademarks, service mark, or copyrights, including, but not limited to, the Trademark, Service Mark, and Copyright Registration Numbers listed in Sections (2)(a) above;

(c)     using any simulation, reproduction, counterfeit, copy, or colorable imitation of Microsoft's registered trademarks, service mark, or copyright including, but not limited to the Trademark, Service Mark, and Copyright Registration Numbers listed in Section (2)(a) above, in connection with the manufacture, assembly, production, distribution, offering for distribution, circulation, sale, offering for sale, import, advertisement, promotion, or display of any software program, component, EULA, COA, and/or item not authorized or licensed by Microsoft;

(d)     using any false designation of origin or false or misleading description or false or misleading representation that can or is likely to lead the trade or public or individuals erroneously to believe that any software program, component, and/or item has been manufactured, assembled, produced, distributed, offered for distribution, circulation, sold, offered for sale, imported, advertised, promoted, displayed, licensed, sponsored, approved, or authorized by or for Microsoft, when such is not true in fact;

(e)     engaging in any other activity constituting an infringement of any of Microsoft's trademarks, service mark and/or copyrights, or of Microsoft's rights in, or right to use or to exploit, these trademarks, service mark, and/or copyrights; and

(f)     assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (e) above.

(3)     That the Court enter an order pursuant to 15 U.S.C. § 1116(a)(d)(1)(A) and 17 U.S.C. § 503 impounding all counterfeit and infringing copies of purported Microsoft software and/or materials bearing any of Microsoft's trademarks or service mark, and any related items, including business records, that are in Defendants' possession or under their control;

(4)     That the Court enter an order declaring that Defendants hold in trust, as constructive trustees for the benefit of Microsoft, their illegal profits obtained from their distribution of counterfeit and infringing copies of Microsoft's software, and requiring Defendants to provide Microsoft a full and complete accounting of all amounts due and owing to Microsoft as a result of Defendants' illegal activities.

(5)     That the Court order Defendants to pay Microsoft's general, special, actual, and statutory damages as follows:

(a)     Microsoft's damages and Defendants' profits pursuant to 17 U.S.C. § 504(b), or alternatively, enhanced statutory damages pursuant to 17 U.S.C. § 504(c), and 17 U.S.C. § 504(c)(2);

(b)     Microsoft's damages and Defendants' profits pursuant to 15 U.S.C. § 1117(a), trebled pursuant to 15 U.S.C. § 1117(b), or in the alternative, statutory damages pursuant to 15 U.S.C. §1117(c) for each counterfeit mark; and

(c)     Microsoft's damages and Defendants' profits pursuant to Oklahoma common law and 78 Okla. Stat. § 54.

(6)     That the Court order Defendants to pay to Microsoft both the costs of this action and the reasonable attorneys' fees incurred by it in prosecuting this action; and

(7)     That the Court grant to Microsoft such other and additional relief as is just and proper.

Dated:  September 29, 2014

Respectfully submitted,

s/ Drew T. Palmer
DREW T. PALMER, OBA #21317
CROWE & DUNLEVY
A Professional Corporation
324 North Robinson Ave., Suite 100
Oklahoma City, Oklahoma 73102
Telephone:  (405) 235-7700
Fax:  (405) 239-6651
drew.palmer@crowedunlevy.com

Attorney For Plaintiff
Microsoft Corporation

2621618.2